UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT S. VAN ORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-40013-FDS |
| ) | |
| JOSEPH MCCARTHY and ) | |
| PAUL S. WAICKOWSKI, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER OF DISMISSAL

SAYLOR, District Judge

For the reasons set forth below, the Court dismisses this action.

BACKGROUND

On May 28, 2004, plaintiff Albert S. Van Orman filed in this Court a petition for habeas relief under 28 U.S.C. § 2254, the present civil complaint for damages, and an application to proceed without prepayment of the filing fee. See Van Orman v. Flynn, C.A. No. 04-40093-FDS (D. Mass.) (Saylor, J.) (docket entries 1-4). At the time, Van Orman was in custody at the Worcester County Jail, apparently pursuant to the convictions which he challenged. The Court assigned a docket number to the pleadings and proceeded to adjudicate the habeas petition.[1]

---

[1] On June 14, 2004, the Court denied Van Orman's petition to proceed without the prepayment of the $5.00 filing fee required for a habeas petition. Van Orman v. Flynn, C.A. No. 04-40093-FDS (docket entry 5). The Court did not docket or enter an order on the application to proceed without prepayment of the filing fee

The allegations in both the habeas petition and the present lawsuit arise out of a November 2001 altercation between Van Orman and defendant Joseph McCarthy, a police officer, which occurred when McCarthy attempted to serve Van Orman with a restraining order obtained by Van Orman's estranged wife. As a result of the altercation, Van Orman was arrested by McCarthy and charged with assault and battery on a police officer, resisting arrest, and being a disorderly person. On December 4, 2001, Van Orman pled guilty to those charges in the Westborough District Court in front of the Honorable Paul S. Waickowski, also a defendant in this action. Judge Waickowski sentenced Van Orman to one year of probation subject to certain conditions. After a hearing in the Westborough District Court on October 23, 2002, the court found that Van Orman had violated his probation and sentenced him to a one-year term in the house of corrections, with thirty days to serve and the balance to be served on probation.

In an order dated January 21, 2005, this Court dismissed Van Orman's petition under 28 U.S.C. § 2254 for relief from his

---

with regards to the present complaint for damages. Because a substantial amount of time has passed since Van Orman filed this action and because he is no longer in custody, the Court would normally require a plaintiff in his position to file a new application to proceed without payment of the filing fee prior to allowing this action to proceed in any manner. In this case, however, because it obvious that Van Orman's claims are fatally flawed, it is not necessary for the Court to address the issue of the filing fee.

conviction. See Van Orman v. Flynn, 04-40093-FDS (D. Mass. Jan. 21, 2005) (docket entry 14). I held that Van Orman's habeas petition failed as a matter of law because he had not complied with the one-year filing requirement of 28 U.S.C. § 2244(d)(2). I also observed that, even if Van Orman's habeas petition had been timely filed, he had not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A).

In the present civil suit, Van Orman has named McCarthy and Waickowski as defendants. Although Van Orman has alleged that jurisdiction is proper under 28 U.S.C. § 1332 (providing jurisdiction where the parties are of diverse citizenship), the Court interprets Van Orman's complaint as asserting claims under 42 U.S.C. § 1983.[2]

In paragraph six of his complaint, Van Orman alleges that McCarthy arrested him on November 13, 2001 "without any warrant or authority of law, wrongfully, unlawfully, against the plaintiffs [sic] wish, without probable cause." Compl. ¶ 6. The Court construes this paragraph as asserting a claim against McCarthy for a violation of Van Orman's right under the Fourth Amendment to be free from wrongful arrest.[3] In paragraph ten of

---

[2] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers").

[3] In the following paragraph Van Orman also alleges that McCarthy "wrongfully, unlawfully, and maliciously abused the plaintiff and after doing so, the plaintiff under restraint and

his complaint, Van Orman alleges that on December 4, 2001, his criminal case

> came on for a pre-trial hearing before Mr. Justice Pauls Waickowski and after a lengthy (approx. 2 hrs.) open display of the plaintiffs [sic] adamance towards any type of plea deal other than a dismissal of charges or a trial by jury. After open court discussions with his assigned attorney, signed a form admitting guilt. This was done under duress and direct disregard of the plaintiffs[ sic] wishes. By reason of the plaintiff [sic] denial to Due Process, [r]ight to a fair trial as provided for by the United States Constitution, despite his denial of the charges against him, [r]ight to confront his accuser, with no evidence or open statement by the arresting officer, the plaintiff was found guilty of all brought forth charges ... with not even a plea agreement of aforesaid charges.

Id. ¶ 10. Except for stating that Judge Waickowski sentenced Van Orman to one year of probation, the complaint does not allege any other conduct by Judge Waickowski. I will therefore construe the complaint as asserting claims against Judge Waickowski for the

---

above normal duress, remanded him to, and confined him to the Town of Shrewsbury, Massachusetts police station," Compl. ¶ 7, and that McCarthy and his partner "refused to set plaintiff at liberty, but wrongfully and unlawfully, detained said plaintiff and continued the imprisonment of plaintiff in the manner and place aforesaid," id. ¶ 8. These allegations or any reasonable inferences therefrom, however, do not support a cause of action for the violation of a constitutional right other than the right to be free from wrongful arrest. The allegation that Van Orman was "maliciously abused," appears to be a reiteration of Van Orman's underlying allegation that the arrest was unlawful, and the complaint is void of any suggestion that McCarthy used excessive force on Van Orman. Similarly, because Van Orman was arraigned one day after being arrested, id. ¶ 9, the only reasonable interpretation of his allegation that he was "wrongfully and unlawfully" detained is that the detention was wrongful because McCarthy arrested Van Orman without probable cause.

4

violation of Van Orman's rights under the Sixth Amendment to a jury trial and to confront witnesses against him.

## DISCUSSION

I.  The Court's Authority to Screen the Complaint

Because Van Orman has filed his complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d)). Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the

complaint would be futile," then a dismissal <u>sua sponte</u> is appropriate. <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 36-37 (1st Cir. 2001).

II. <u>The Claim Against McCarthy</u>

Van Orman's § 1983 claim that he was arrested without probable cause is barred by the so-called "favorable termination" rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held that a § 1983 litigant seeking to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must prove that a judicial challenge to the conviction or imprisonment has been terminated in favor of the litigant. <u>Id.</u> at 486-87. This rule applies not only where a § 1983 directly attacks a conviction, but also where a judgment in favor of the § 1983 litigant "would necessarily imply the invalidity of his conviction or sentence." <u>Id.</u> at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id.</u>

Here, it is clear that <u>Heck</u> bars Van Orman's claim for false arrest. To succeed on this claim, Van Orman would have to present evidence that the conduct to which he has pled guilty simply did not occur. Thus, Van Orman's claim is for "harm

caused by actions whose unlawfulness would render a conviction or sentence invalid," and he cannot proceed on that claim unless he proves that a judicial challenge to the conviction has been terminated in his favor. Heck, 512 U.S. at 486-87. Although Van Orman's position may well be that he never committed the crimes attributed to him, his conviction remains intact. Van Orman's claim for wrongful arrest is therefore barred by Heck and dismissal is appropriate. See Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (dismissing); accord White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing; habeas corpus is the only permitted mode of federal collateral attack on a state conviction).[4] This is true even though a "favorable termination"

---

[4] In fact, in a footnote in Heck, the Court addressed virtually the same claim as Van Orman asserts against McCarthy. Providing an example of a claim that "impl[ies] the invalidity" of a conviction, the Court considered a scenario in which a "state defendant is convicted of and sentenced for the crime of resisting arrest" and later "brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures." Heck, 512 U.S. at 486 n.6. The Court recognized that "[i]n order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted." Id. Thus, where the conviction still stands, "the § 1983 action will not lie." Id.

See also Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004) (where plaintiff was allegedly "arrested and prosecuted solely on the basis of drugs planted by the arresting officers," Heck applied to the plaintiff's § 1983 claim for false arrest because "any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs"); Sappington v. Bartee, 195 F.3d 234, 236 (5th Cir. 1999) (where plaintiff was convicted of aggravated assault on an officer, Heck applied to the plaintiff's § 1983 claim for use of

is impossible because the time for filing a petition for relief under 28 U.S.C. § 2254 has expired. See Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting that Heck barred § 1983 claims despite fact that habeas relief was time-barred); Denham v. Dewitt, 2001 WL 355508, at **1-2 (S.D. Ohio, Apr. 6, 2001) (same).

III. The Claims Against Judge Waickowski

The claims against Judge Waickowski are likewise barred by the "favorable termination" rule of Heck. In alleging that he did not voluntarily waive his rights to a jury trial and to

---

excessive force in the same confrontation because the claim was "necessarily inconsistent with his criminal conviction"); Merrifield v. Demello, 1997 WL 351661, at *1, 116 F.3d 464 (table) (1st Cir. June 18, 1997) (unpublished disposition) (where § 1983 plaintiff claimed that arrest warrant had been maliciously obtained and that the charges against him were "bogus," plaintiff's claims for malicious prosecution and wrongful arrest would necessarily imply the invalidity of his conviction and were thus subject to the "favorable termination" rule of Heck); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (where officers arrested plaintiff after he drove his truck at the officers, and plaintiff thereafter pled guilty to assault with a deadly weapon based on that incident, the favorable termination rule of Heck barred plaintiff's § 1983 claim that the officers arrested the plaintiff without probable cause); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (holding that Heck barred § 1983 claim for arrest without probable cause where plaintiff's conviction for resisting a search contemporaneous with the challenged arrest was intact); Davis v. Schifone, 185 F. Supp. 2d 95, 100 (D. Mass. 2002) (Tauro, J.) (Heck applied to § 1983 claim for wrongful arrest because, if the claim was successful, it would "necessarily imply the invalidity of his conviction for operating under the influence"); Sholley v. Town of Holliston, 49 F. Supp. 2d 14, 18-19 (D. Mass. 1999) (Saris, J.) (where plaintiff was arrested for failure to submit, Heck applied to plaintiff's § 1983 claim that he was arrested without probable cause).

confront witnesses against him, Van Orman has alleged that his conviction was obtained in violation of the Constitution. Thus, it is clear that Van Orman cannot proceed on these § 1983 claims without challenging the validity of his underlying state convictions. Because Van Orman's state convictions have not been overturned, Heck precludes him from asserting the present § 1983 claims against Judge Waickowski.

Moreover, even if his underlying state convictions had been reversed, the claims against Judge Waickowski would fail because Judge Waickowski is absolutely immune "from liability for damages for acts committed within [his] judicial jurisdiction." Preiser v. Ray, 386 U.S. 547, 554 (1967).

## CONCLUSION

For the reasons stated above, the Court finds that Van Orman has failed to state claims against Officer McCarthy and Judge Waickowski. Because the defect from which the claims suffer (i.e., the lack of a "favorable termination" within the meaning of Heck and the fact that one defendant is entitled to absolute immunity) cannot be cured in this case through amendment of the complaint, the Court orders that this action be DISMISSED.
SO ORDERED.

Dated at Worcester, Massachusetts, this _18th_ day of _February_, 2005

_____
UNITED STATES DISTRICT JUDGE